UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RUTH KERALYNN S.,[1] <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN COLVIN, Commissioner of Social Security Administration,[2] <br><br> Defendant. | Case No. 1:24-cv-00069-DKG <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for a Title XVI supplemental security income. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will remand this matter to the Commissioner for further proceedings for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Carolyn Colvin is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d). Colvin became the Acting Commissioner of Social Security on November 30, 2024. No further action need be taken to continue this matter by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**MEMORANDUM DECISION ORDER - 1**

# BACKGROUND

On February 22, 2021, Plaintiff protectively filed an application for Title XVI supplemental security income, alleging a disability onset date of October 4, 2016. (AR 15). Plaintiff's application was denied upon initial review and on reconsideration. (AR 15). An online video hearing was conducted by Administrative Law Judge ("ALJ") Michele Kelley on November 3, 2022, at which the ALJ heard testimony from Plaintiff, Plaintiff's mother, and a vocational expert. (AR 15). Plaintiff later amended her alleged onset date to February 22, 2021. (AR 16, 45).

On January 24, 2023, ALJ Kelley issued a written decision finding Plaintiff was not under a disability from February 22, 2021, through the date of the decision, and therefore determined Plaintiff was not disabled. (AR 15-29). Plaintiff timely requested review by the Appeals Council, which denied her request.

At the time of the alleged disability onset date, Plaintiff was twenty-seven years of age, which is defined as a younger individual. (AR 27). Plaintiff is a high school graduate and has no past relevant work. (AR 27). Plaintiff claims disability due to physical and mental impairments, including epilepsy, cognitive impairment, headaches, anxiety, and depression. (AR 78, 88).

# THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing

**MEMORANDUM DECISION ORDER - 2**

*Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 17). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: a seizure disorder and a mild intellectual disorder. (AR 19). The ALJ found Plaintiff's additional alleged impairments had caused only transient and mild symptoms and limitation, were well controlled with treatment, had not met the twelve-month durational requirement, or were otherwise not adequately supported by the medical evidence in the record. (AR 18).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 19). The ALJ next found Plaintiff retained the Residual Functional Capacity ("RFC") for medium work with the following limitations:

> The claimant can lift, carry, push, or pull 50 pounds occasionally and 25 pounds frequently. She can stand and walk about six hours in an eight-hour workday with normal work breaks. She can sit about six hours in an eight-hour workday with normal breaks. Normal work breaks are defined as occurring every two hours with two breaks lasting at least 10 minutes and one break lasting at least 30 minutes. The claimant can frequently climb ramps or stairs. She can never climb ladders, ropes, or scaffolds. The claimant must avoid all exposure to workplace hazards (e.g., unprotected heights, dangerous machinery, and large bodies of water). The claimant can understand, remember, and carry out simple tasks. She can maintain attention, concentration, persistence, and pace for such tasks for eight-hour workdays and 40-hour workweeks. She can tolerate usual work situations and tolerate occasional changes in the routine work setting.

(AR 23).

At step four, the ALJ found that transferability of job skills is not an issue because Plaintiff does not have past relevant work. (AR 28). Relying upon the vocational expert, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC, such as: fast food worker, laundry worker,

**MEMORANDUM DECISION ORDER - 3**

housekeeping cleaner, merchandise marker, cashier II, and collator operator. (AR 28-29). The ALJ therefore determined Plaintiff was not disabled from February 22, 2021, through the date of decision. (AR 29).

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated Plaintiff's subjective symptom statements.

2. Whether the ALJ properly evaluated the medical opinion evidence.

3. Whether the ALJ properly considered the nonmedical source statements.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*. The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id*. at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent*

**MEMORANDUM DECISION ORDER - 4**

*on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*. The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## DISCUSSION

### 1. The ALJ Erred By Failing To Provide Clear And Convincing Reasons To Disregard Plaintiff's Subjective Symptom Allegations.

Plaintiff argues that the ALJ failed to provide clear and convincing reasons for disregarding her subjective symptom statements. (Dkt. 17 at 12). Defendant contends that the ALJ reasonably discounted Plaintiff's subjective complaints as they were inconsistent with the medical evidence, her symptoms improved with treatment, and her activities were inconsistent with the symptom severity alleged. (Dkt. 19 at 3-7).

Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160. The clear and convincing standard does not require this Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

**MEMORANDUM DECISION ORDER - 5**

Here, the ALJ first summarized Plaintiff's functional report where she alleged her seizure symptoms and distractibility limit her ability to walk more than a mile, remember for more than 20 minutes, complete tasks, understand, follow instructions, handle stress, handle changes in her routine, keep up with coworkers, sleep properly, handle her personal care, take medication without reminders, drive, pay bills, and handle a savings account. (AR 23, 238-45). The ALJ then summarized Plaintiff's hearing testimony, where she testified that her symptoms of feeling down, isolative behaviors, paranoia, bouts of frustration, memory difficulties, distrust of others, and extreme bouts of distractibility limit her ability to interact with others, understand what is said to her, remember, concentrate, and get out of bed. (AR 24, 45-57).

The ALJ discussed the objective medical evidence in the record, noting Plaintiff was diagnosed with a seizure disorder in 2012 and has a long history of a mild intellectual disorder dating back to her childhood. (AR 24). Ultimately, the ALJ found the combination of normal objective medical findings, Plaintiff's statements to medical providers, and her activities of daily living offered more support to Plaintiff's ability to engage in medium level work with additional mental limitations. (AR 24, 25). The ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 25). The ALJ then reiterated that Plaintiff's statements regarding her symptoms were inconsistent with the objective medical evidence, her statements to medical providers, and her activities of daily living. *Id*.

Initially, Defendant argues that the ALJ rejected Plaintiff's symptom testimony because her symptoms improved with treatment. (Dkt. 19 at 5). Defendant points to the ALJ's discussion of the medical evidence where the ALJ found Plaintiff had "treated her seizure disorder and mild

**MEMORANDUM DECISION ORDER - 6**

intellectual disorder with medication management during the relevant period." (AR 24; Dkt. 19 at 5). However, in the decision, the ALJ did not find that improvement with medical treatment was a specific reason to reject Plaintiff's symptom statements. (AR 24-25). The Court cannot rely on reasoning not provided within the decision. *Bray*, 554 F.3d at 1225-26 (finding the Court cannot engage in such "post-hoc rationalizations" to supply reasoning not specified by the ALJ). Also, there is little evidence in the record that Plaintiff was using medication to manage her intellectual disorder, and also little evidence, beyond Dr. Gage's acknowledgment that there may be some connection between Plaintiff's seizure disorder and her intellectual disability, that the two impairments should be construed together. (AR 613). While there are records supporting that Plaintiff's seizures were controlled with medication when administered correctly, the overwhelming majority of Plaintiff's symptom testimony appears to be related to her intellectual disorder, not symptoms from her seizure disorder. The Court therefore finds Plaintiff's improvement with treatment is not a clear and convincing reason supported by substantial evidence in the record to discount Plaintiff's testimony.

One basis the ALJ provided for discrediting Plaintiff's testimony involves her statements to providers. (AR 25). The ALJ does not specifically explain which statements made to providers were relied upon as a clear and convincing reason to discredit Plaintiff's symptom testimony. *See Brown-Hunter*, 806 F.3d at 493 (quoting *Bunnell v. Sullivan*, 947 F.2d 431, 345-46 (9th Cir. 1991)) (The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . ."). However, the ALJ and Defendant both point to statements Plaintiff made to providers regarding why she was let go from a previous job in support of the decision. (AR 24;

**MEMORANDUM DECISION ORDER - 7**

Dkt. 19 at 7). The ALJ noted in the discussion of Plaintiff's subjective symptoms that in February 2020, she reported being fired from Dairy Queen for missing days of work due to illness, but several months later told a different provider that she was let go for not performing fast enough and learning too slowly. (AR 24, 610, 729). Plaintiff contends that the ALJ's reliance on Plaintiff's inconsistent statements regarding why she lost her job does not provide substantial evidence to reject Plaintiff's testimony and such inconsistencies were emphasized without consideration for Plaintiff's alleged symptoms, including issues with her memory. (Dkt. 22 at 6).

      The Court agrees that this inconsistency in Plaintiff's statements to providers does not provide a clear and convincing reason to reject her symptom testimony. Prior inconsistent or unsupported statements are not the same as a "contradiction with the medical record" that would establish a basis for rejecting testimony. *See Smartt*, 53 F.4th at 499. To reject or discount Plaintiff's symptom statements, the ALJ is required to point to specific portions of evidence in the record that contradicted Plaintiff's testimony. *Id*. Here, the ALJ appears to instead rely on inconsistent or unsupported statements Plaintiff made to her medical providers. (AR 24). Without an explanation of how or why this evidence undermines Plaintiff's symptom testimony, the Court cannot affirm the ALJ's finding on this basis. Mere evidence of a prior inconsistent statement to medical providers is not sufficient to find Plaintiff's symptom testimony unreliable, and likely conflicts with SSR 16-3, which provides that an ALJ "will not assess an individual's overall character or truthfulness." SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304, at *11. Further, there is evidence in the record where Plaintiff's mental health provider found her to "appear to lack insight into what goes wrong on the job and why she is let go from employment." (AR 731). As such, the Court is inclined to agree with Plaintiff that her inconsistent statements to

**MEMORANDUM DECISION ORDER - 8**

medical providers support, rather than detract, from her allegations of mental limitations including her borderline intellectual impairment, and therefore, such statements are not a clear and convincing reason to reject her symptom testimony.

The ALJ also found Plaintiff's activities of daily living to be inconsistent with her subjective symptom testimony. (AR 25). Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue*, 495 F.3d 625, 629 (9th Cir. 2007).

The ALJ determined that despite her seizure disorder and intellectual disorder, Plaintiff engaged in a range of activities such as performing household chores, caring for her service dog, handling her personal care, preparing meals, learning to cook, shopping in stores, playing video games, playing cards, hanging out with a friend, and attending medical appointments. (AR 25, 238-45). Further, the ALJ noted that Plaintiff had told providers she was able to have significant others, travel to Texas with her father, ride in a car to Oregon, do housework, and had gone out drinking with friends in June 2022. (AR 731, 755, 772, 893, 1086). Then, the ALJ pointed to Plaintiff's hearing testimony where she stated she does household chores over a four-hour period, spent time with her father in Texas, went out drinking with her friends on one occasion where she reportedly "overdid it," resulting in a seizure the following day, and interacts with others via online computer games. (AR 25, 49 51-52, 53, 55).

Upon review, the record does not sufficiently support the ALJ's characterization of Plaintiff's broad range of activities during the period at issue. Although the ALJ found Plaintiff's testimony to demonstrate her ability to handle her own personal care, attend medical appointments, and do household chores, the ALJ failed to acknowledge evidence supporting that

**MEMORANDUM DECISION ORDER - 9**

Plaintiff was more limited than described by the ALJ when participating in such activities. Plaintiff testified that she does household chores while living with her parents, but further stated that what her stepfather characterized as a 20-minute job takes her four hours to complete. (AR 49). Plaintiff and her mother both testified that Plaintiff makes mistakes or has to redo chores after her mother's corrections every day. (AR 50, 58). Additionally, Plaintiff and her parents testified that she requires reminders for handling the care for her service dog, handling personal care, and taking medication (AR 197, 198. 208-09, 231-32, 239-40). Although the ALJ specifically mentioned that Plaintiff's activities included attending medical appointments, it appears she generally attended medical appointments accompanied by a family member, and scheduling reminders were provided to Plaintiff's mother. (AR 80, 658, 725, 814, 870, 967, 1079, 1096, 1114). Further, Plaintiff's ability to attend medical appointments may be a problematic basis to discount her testimony since an ALJ can also discount symptom testimony based on a claimant's failure to attend their medical appointments or pursue treatment. *See Molina*, 674 F.3d at 1113 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)) ("[I]n assessing a claimant's credibility, the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.").

Moreover, multiple times when discussing Plaintiff's activities, the ALJ mentioned that Plaintiff is able to "play billiards and be coached by a billiards coach at her local billiards establishment." (AR 19, 21, 22, 25). The Court finds the ALJ's reliance on this activity in discrediting Plaintiff's symptoms to be unsupported due to the ALJ's mischaracterization of the record. During her testimony, Plaintiff testified to one instance of playing billiards at a bar against a "pool pro" and that they were "teaching [her] some things." (AR 54). The ALJ repeatedly asserting that Plaintiff was being regularly coached by a billiards coach is an

**MEMORANDUM DECISION ORDER - 10**

inaccurate portrayal of the record. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (an ALJ's decision is unsupported by substantial evidence where [her] "paraphrasing of record material is not entirely accurate regarding the content or tone of the record."). Again, the ALJ failed to draw a connection between one instance where Plaintiff played billiards with a "pool pro" she met at a bar, and how this activity is inconsistent with her testimony or supports the contention that she is able to work full time. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ also appeared to heavily rely on a singular incident of Plaintiff drinking at a local bar when describing Plaintiff's ability to participate in numerous daily activities. (AR 25). The ALJ mentioned that Plaintiff told providers she was able to go drinking with friends, and then also mentioned Plaintiff's testimony during the hearing where she described walking to a local bar, meeting with friends at the bar, and reported an instance of "overdoing it" drinking. (AR 19, 20, 21, 22, 25). While, the ALJ may discount a claimant's testimony based on daily activities that contradict her testimony, for the activities to have any bearing on a claimant's credibility, the level of activity must be inconsistent with the claimed limitations. *Orn*, 495 F.3d at 639; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The numerous mentions by the ALJ of Plaintiff discussing her drinking with providers and during the hearing appear to all be related to an isolated occurrence of Plaintiff meeting friends at a bar in June 2022. (AR, 25, 53, 1086). It is unclear how a single instance of Plaintiff drinking at a bar, which from the record appeared to exasperate her symptoms, rises to the level of substantial evidence to support the ALJ's rejection of Plaintiff's subjective symptom complaints. *See Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001); *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986). As

**MEMORANDUM DECISION ORDER - 11**

such, the Court finds the Plaintiff's daily activities as described by the ALJ do not provide a clear and convincing reason for the ALJ to reject Plaintiff's symptom statements.

Finally, the ALJ found Plaintiff's symptom testimony to be inconsistent with the objective medical evidence in the record. (AR 25). An ALJ may discount a claimant's testimony based on a lack of support from objective medical evidence, but this may not be the sole reason. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain."); *Taylor v. Berryhill*, 720 F. App'x 906, 907 (9th Cir. 2018) (explaining that a "lack of objective medical evidence cannot be the sole reason to discredit claimant's testimony," and therefore holding that the ALJ failed to provide clear and convincing reasons for discounting the claimant's testimony) (citation omitted); *Heltzel v. Comm'r of SSA*, No. 19-1287, 2020 U.S. Dist. LEXIS 32641, 2020 WL 914523, at *4 (D. Ariz. Feb. 26, 2020) (stating that "[b]ecause the ALJ's other reasons for rejecting Plaintiff's testimony were legally insufficient, a mere lack of objective support, without more, is insufficient to reject Plaintiff's testimony."). However, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498.

The medical evidence cited by the ALJ when rejecting Plaintiff's testimony of symptoms caused by her mental impairments, were multiple mental status examinations finding Plaintiff to be "alert, oriented, friendly, attentive, cooperative and communicative with intact associations, a normal thought process, intact to fair insight, normal to fair judgment, and no signs of hyperactivity or attentional difficulties." (AR 25). Although the Court finds such records partially support the ALJ's finding that Plaintiff had normal mental status examinations, they

**MEMORANDUM DECISION ORDER - 12**

also found Plaintiff to "appear[] to lack insight into what goes wrong on the job and why she is let go from employment" (AR 731) and that her "vocabulary and fund of knowledge suggest cognitive functioning in the intellectually disabled range" (AR 24, 732, 734). The other records cited to by the ALJ were from an emergency room visit and follow up appointments after her June 2022 seizure and concussion, where Plaintiff was found to be alert and oriented, but also reported symptoms of agitation, confusion, decreased concentration, and sleep disturbance. (AR 24, 1097, 1115, 1135). Furthermore, even if the Court were to conclude this basis to be supported by substantial evidence, as described above, the ALJ has failed to provide other clear and convincing reasons sufficient to discount Plaintiff's symptom testimony beyond a lack of objective medical evidence to support her symptoms. *Burch*, 400 F.3d at 680. As such, the Court finds inconsistency with objective medical evidence cannot supply the sole basis for discounting the testimony. *Id.* Accordingly, the Court finds that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony, and such failure was error.

The ALJ's error is not harmless because the Court cannot "confidently conclude that no reasonable ALJ, when fully crediting [Plaintiff's subjective symptom testimony], could have a reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006). Had the ALJ found substantial evidence supported Plaintiff's subjective symptom statements, the ALJ may have included different limitations in the RFC, and the ultimate disability determination may have been different.[3]

---

[3] Having found that remand is warranted based on the issue of Plaintiff's subjective symptom testimony, the Court declines to address Plaintiff's remaining issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

**MEMORANDUM DECISION ORDER - 13**

## CONCLUSION

Based on the foregoing, the Court concludes that the ALJ harmfully erred in discrediting Plaintiff's subjective symptom testimony. Accordingly, the decision of the Commissioner must be reversed. The decision whether to remand for further proceedings or award immediate benefits is within the discretion of the Court. *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017). Remand for a direct award of benefits is generally proper where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed. *Id.* at 682-83. However, in cases where further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman v. Apfel*, 211 F.3d 1172, 1179-81 (9th Cir. 2000). Generally, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's symptom testimony. The circumstances presented in this case suggest that further administrative review could remedy the Commissioner's error. *Burrell*, 775 F.3d at 1141 (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Accordingly, the Court finds it appropriate to reverse and remand for further administrative proceedings.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1) The decision of the Commissioner of Social Security be **REVERSED**;

2) This action be **REMANDED** to the Commissioner for further proceedings

consistent with this opinion;

3) The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4) Judgment be **ENTERED** in favor of Plaintiff.

DATED: December 11, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION ORDER - 15**